Juan Manuel Pardo ORTIZ; Maria Felix Benete Vergara, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Nos. 05–76052, 06–71047.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 24, 2007.

Juan Manuel Pardo Ortiz, Anaheim, CA, pro se.

Maria Felix Benete Vergara, Anaheim, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., John S. Hogan, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Juan Manuel Pardo Ortiz and Maria Felix Benete Vergara seek review of an order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's ("IJ") order denying their application for cancellation of removal (No. 05–76052), and the BIA's subsequent denial of their motion to reopen removal proceedings (No. 06–71047). We dismiss in part and deny in part the petition for review in No. 05–76052, and dismiss the petition for review in No. 06–71047.

We lack jurisdiction to review the IJ's discretionary determination that the petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

The petitioners' equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NACARA") is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States' "). The petitioners' due process challenge to NACARA also fails. *See Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1165 (9th Cir. 2002) (rejecting a due process challenge because petitioner failed to demonstrate that he was deprived of a qualifying liberty interest).

To the extent the petitioners contend the BIA's summary affirmance without opinion is a violation of due process, the contention is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003).

The evidence the petitioners presented with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits).

Our conclusion that we lack jurisdiction to review the BIA's determination that the petitioners did not make out a prima facie case of hardship forecloses their argument that the BIA denied due process by failing to consider and address the entirety of the evidence they submitted with the motion to reopen. *See Fernandez,* 439 F.3d at 603–04.

**PETITION FOR REVIEW in No. 05–76052 DISMISSED in part; DENIED in part.**

**PETITION FOR REVIEW in No. 06–71047 DISMISSED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.